IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S DISTRICT COURT
NORTHERN

DEC 2 3 2008

CLERK, U.S. DISTRICT COURT
By _____

| | | |
|---|---|---|
| DERRICK SARDIN, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:08-CV-658-A |
| | § | (NO. 4:06-CR-164-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Derrick Sardin ("Sardin") under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.[1] Having reviewed the motion, Sardin's memorandum, respondent's response and appendix, the record, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

On September 13, 2006, Sardin was charged in a one-count indictment with possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Sardin pleaded not guilty to the indictment on October 6, 2006, but then changed his plea to guilty on December 1, 2006. On March 23, 2007, the court sentenced Sardin to a term

---

[1]Movant refers to his motion as a "petition" and to himself as "petitioner." Consistent with the language of 28 U.S.C. § 2255, the court uses the terms "movant" and "motion" instead of "petitioner" and "petition."

1

of imprisonment of 328 months, followed by a four-year term of supervised release. Sardin appealed his sentence to the United States Court of Appeals for the Fifth Circuit, which affirmed Sardin's sentence on October 3, 2007. On August 4, 2008, Sardin filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582, which the court granted on August 15, 2008 by reducing Sardin's term of imprisonment to 244 months. Sardin subsequently timely filed this motion pursuant to 28 U.S.C. § 2255.

## II.

### Grounds of the Motion

In support of his motion, Sardin asserts that (1) the erroneous legal advice given to him by his counsel, Warren St. John ("St. John"), rendered his guilty plea unknowing and involuntary, (2) he received ineffective assistance of counsel from St. John during all stages of his proceeding, and (3) the court imposed a sentence that was both substantively and procedurally unreasonable.[2]

## III.

### Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S.

---

[2] In his motion, Sardin states a fourth ground that the court "erred by enhancing petitioner's sentence based on impermissible factors in violation of the Supreme Court intervening decisions in Booker, and Apprendi." Movant's Mot. at 9. Because Sardin's memorandum in support does not separately address this ground, the court addresses this ground as a part of Sardin's claim that his sentence was both substantively and procedurally unreasonable.

152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981).

## IV.

## Analysis

A.    Unknowing and Involuntary Guilty Plea

Sardin contends that his guilty plea was unlawfully induced and made without his understanding of the nature of the charge and the consequences of the plea because his counsel gave him erroneous advice. Specifically, Sardin asserts that St. John (1) advised that Sardin should plead guilty because the maximum sentence for the offense was ten years but a guilty plea would ensure a five-year sentence, (2) did not inform him about the nature of the charge or the consequence of the plea and mislead him to believe that the only element of the charge was 5 grams of cocaine base, (3) failed to inform him that he could be held accountable for the conduct of others and that his criminal history could increase his sentence, and (4) erroneously informed

3

him of what his sentence would be under the sentencing guidelines.[3] But for these actions, Sardin contends, "trial would have proceeded forward." Movant's Mem. at 2.

In response to these allegations, respondent filed a sworn affidavit of St. John. See Resp't App. at 1-9. St. John states that he met with Sardin on multiple occasions, explaining the government's evidence and what a trial would entail. Id. at 7. While he told Sardin about the sentencing guidelines, relevant conduct, and how criminal history was scored for the presentence report, he denies promising Sardin any specific outcome. Id. at 7-8. St. John had numerous conversations with Sardin about the fact that information received from other individuals could be used against him at sentencing. Id. According to St. John, Sardin did not want to go to trial. Id. at 7.

A guilty plea is valid if "the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). "[R]epresentations of the defendant, his lawyer, and the prosecutor . . . as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceeding." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). "The advice of competent counsel exists as a safeguard to ensure that pleas are voluntarily and intelligently made." Matthew v. Johnson, 201 F.3d 353, 365 (5th

---

[3]Sardin's memorandum presents these grounds differently. The court's rewording and compression of those grounds is intended to provide clarity, but not to change the substance.

Cir. 2000).  The voluntariness of a defendant's plea depends on whether counsel's advice was competent.  <u>Hill v. Lockhart</u>, 474 U.S. 52, 56 (1985).  To prevail on his claim, Sardin must prove both that (1) counsel's performance was deficient and (2) Sardin was prejudiced by the deficient performance. <u>Strickland v. Washington</u>, 466 U.S. 668, 695 (1984).  "A court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." <u>United States v. Stewart</u>, 207 F.3d 750, 751 (2000).

Deficient performance is evaluated by determining whether St. John was "familiar with the relevant facts and law such that the advice he rendered permitted [Sardin] to make an informed and conscious choice to plead guilty." <u>United States v. Cavitt</u>, No. 06-41558, slip op. at 18 (5th Cir. Nov. 24, 2008) (internal quotation marks omitted).  Whether Sardin was prejudiced turns first on whether, knowing the actual penalty he faced, he would have gone to trial, and second, whether going to trial would have reduced his sentence.  <u>See</u> <u>United States v. Grammas</u>, 376 F.3d 433, 438 (5th Cir. 2004); <u>see also</u> <u>Hill</u>, 474 U.S. at 59.  Any additional amount of jail time has constitutional significance. <u>Grammas</u>, 376 F.3d at 438.  An evaluation of whether Sardin's sentence would have been reduced "must exclude the possibility of arbitrariness, whimsy, caprice, 'nullification,' and the like.  A defendant has no entitlement to the luck of a lawless decisionmaker, even if a lawless decision cannot be reviewed." <u>Strickland</u>, 466 U.S. at 695.  For the reasons discussed below,

5

Sardin fails to show that his counsel's advice was incompetent so as to render his guilty plea unknowing and involuntary.

1.  Advice Regarding Sentence

Sardin alleges that St. John told him that the maximum sentence he could receive for the offense was around ten years, but he might receive five years if he pleaded guilty. "[R]eliance on the erroneous advice of counsel relative to the sentence likely to be imposed does not render a guilty plea unknowing or involuntary." United States v. Santa Lucia, 991 F.2d 179, 180 (5th Cir. 1993). However, "a guilty plea may be invalid if induced by defense counsel's unkept promises." United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998) (citations omitted).

The court finds that St. John did not make an "unkept promise" so as to render Sardin's plea unknowing or involuntary. Sardin's allegations are not that St. John promised him a particular sentence, but rather that St. John advised him of the sentence likely to be imposed. Further, St. John states that he never told Sardin what any specific outcome would be. Resp't App. at 7. Before accepting Sardin's plea, the court admonished him that his guilty plea must not be induced or prompted by any promises or pressure of any kind. Rearraignment Tr. at 6. When the court asked Sardin whether anyone had made any promises or assurances to him in an effort to induce his guilty plea, Sardin replied in the negative. Id. at 19. Sardin's allegations are inconsistent with the record, and the court finds that counsel

6

made no promise to induce Sardin's guilty plea.  See Cervantes,
132 F.3d at 1110.

Moreover, Sardin was not prejudiced by any comments or
predictions made by his counsel.  At his rearraignment hearing,
the court reiterated that pleading guilty would subject Sardin to
a term of imprisonment of at least five years but no more than
forty years.  Rearraignment Tr. at 19.  Further, the court told
Sardin that his penalty would be decided based on the facts in
the presentence report and the factual resume.  Id. at 6.  Sardin
read, understood, and signed a factual resume that clearly stated
that he faced a term of imprisonment in between five and forty
years.  See Factual Resume at 1, Rearraignment Tr. at 17.

2.   The Nature of the Charge

Sardin claims that St. John failed to tell him the nature of
the charge or the consequences of the plea, and misinformed him
about the elements of the charge.  Sardin fails to show he was
prejudiced by these alleged errors.  The court went over each
element of the offense charged by the indictment.  Rearraignment
Tr. at 17-18.  The court also explained the consequences of
Sardin's guilty plea, which Sardin testified he understood.  Id.
at 19-20.  Further, as noted above, the court explained that
Sardin's penalty would be determined based on the facts in the
presentence report and the factual resume.  Id. at 6.

3.   Failure to Inform

Sardin next contends that St. John never informed him that
he could be held accountable for the conduct of others.  He also

7

contends that St. John failed to inform him that his criminal history could increase his sentence.[4] St. John states that he explained both that Sardin could be held accountable for the conduct of others and how criminal history was scored for the presentence report. Resp't App at 7-8. Further, before accepting his guilty plea, the court told Sardin that in determining his sentence, the court was not bound by any stipulated facts and could take into account facts not mentioned in the stipulated facts. Rearraignment Tr. at 9-10. The court finds Sardin's contention without merit.

### 4. Sentencing Guidelines

Finally, Sardin contends that St. John told him that his sentence would be somewhere within the range of 70-80 months or 84-105 months. While St. John states he never told Sardin any specific sentencing range, the court need not evaluate whether St. John was "familiar with the relevant facts and law" because Sardin has failed to show that he was prejudiced by the alleged advice. Cavitt, No. 06-41558 at 18; see Stewart, 207 F.3d at 751. In addition to the court's lengthy explanation that the sentencing guidelines were advisory and that Sardin's sentence could not be determined until after a presentence report was prepared, the court finds that there is no reasonable probability that, had Sardin gone to trial, he would have received a lesser sentence. See Grammas, 376 F.3d at 438; Rearraignment Tr. at 9-

---

[4]This is inconsistent with Sardin's contention, discussed infra, that St. John predicted what Sardin's criminal history score would be based on his previous convictions.

8

10.   St. John states that an independent investigation showed that Sardin would not be successful at trial.  Resp't App. at 7. This prediction is supported by the record.[5]  Had Sardin been convicted following a trial, he would have been subject to the same presentence reporting process but would have lost the three-point reduction he received for accepting responsibility.[6]  For all of the above-mentioned reasons, Sardin fails to show that his guilty plea was unknowing or involuntary.

B.    Ineffective Assistance of Counsel

Sardin asserts that St. John did not provide him with effective assistance of counsel because St. John (1) failed to investigate information in the presentence report, (2) failed to call favorable witnesses, (3) failed to undergo any pre-trial investigation, (4) failed to object to the jail house informant's hearsay or uncorroborated statements being admitted into the presentence report, (5) failed to raise on appeal that Sardin's sentence was procedurally and substantively unreasonable, (6) failed to object to his overstated criminal history score, and (7) relieved the government of its burden of proof by conceding that there was no reasonable doubt as to the only factual issues

---

[5] Sardin contends that all of the evidence against him was fruits of an illegal search, but provides nothing in support of this contention.  Accordingly, the court will not entertain such claim.  See Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

[6] This case is distinguishable from Grammas, 376 F.3d at 433, and United States v. Herrera, 412 F.3d 577 (5th Cir. 2005).  In Grammas, the defendant went to trial instead of availing himself of the three-point sentence reduction for accepting responsibility.  376 F.3d at 438.  In Herrera, the defendant went to trial instead of accepting a plea offer that would have ensured a lesser sentence.  412 F.3d at 579. Sardin, in contrast, did not forgo the possibility of a lesser sentence by pleading guilty rather than proceeding to trial.

in dispute.[7] Sardin also claims that these errors, viewed cumulatively, rendered the assistance he received from St. John ineffective.

To prevail on an ineffective assistance of counsel claim after entering a plea of guilty, Sardin must show that (1) St. John's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's errors, Sardin would have insisted on going to trial. See Hill, 474 U.S. at 59; Strickland, 466 U.S. at 688, 694. Both prongs must be satisfied to demonstrate counsel's ineffective assistance. Strickland, 466 U.S. at 687. In determining whether St. John's conduct was objectively unreasonable, the court is highly deferential to counsel's decisions, and the movant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

The prejudice analysis for Sardin's ineffective assistance of counsel claim is identical to the prejudice analysis for his claim that his plea was involuntary and unknowing, because "once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived," including claims of ineffective assistance of counsel, "except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." Smith v. Estelle, 711 F.2d 677, 682

---

[7]Again, Sardin's memorandum presents these grounds differently. The court's rewording and compression of those grounds is intended to provide clarity, but not to change the substance.

10

(5th Cir. 1983); see Cavitt, No. 06-41558 at 18-19. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." Stewart, 207 F.3d at 751.

Sardin first claims that St. John failed to investigate the evidence or relevant conduct used against him at sentencing, which he claims should have been suppressed. Sardin claims that, had St. John investigated, he would have discovered that a suppression hearing "would have sufficed to vindicate defendant from said charges." Movant's Mem. at 4. Sardin, at different points in his motion, argues that he pleaded guilty only because St. John refused to file a motion to suppress. Sardin does not mention what specific evidence or relevant conduct was obtained illegally, and provides no explanation or authority to suggest that such a motion would have been successful. Sardin has not shown that he was prejudiced by counsel's actions.

As to Sardin's remaining claims, he does not allege that he was prejudiced by counsel's actions. Thus, these claims cannot serve as the basis for his motion. See Stewart, 207 F.3d at 751.

C.    Procedurally and Substantively Unreasonable

Sardin argues, for a variety of reasons, that his sentence is procedurally and substantively unreasonable. Sardin has procedurally defaulted on this claim because he failed to raise it at the trial level or on direct appeal.[8] Sardin fails to show

---

[8]Sardin makes a passing reference that his sentencing process was unjust because the court considered hearsay testimony in determining his sentence. Sardin raised this issue at sentencing and on appeal. See United States v. Sardin, 249 Fed. App'x 378 (5th Cir. 2007); Sentencing Tr. at 3-5. Insofar as

cause or prejudice for defaulting on these claims. <u>See</u> <u>Shaid</u>, 937 F.2d at 232. Sardin shows no "objective factor external to the defense" that prevented him from raising these issues on direct review. <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 753 (1991). Moreover, for all the reasons set forth in respondent's response, Sardin makes no showing of prejudice.

VI.

<u>ORDER</u>

For the reasons discussed above,

The court ORDERS that the motion of Derrick Sardin to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED December 23, 2008.

_____
JOHN McBRYDE
United States District Judge

---

he attempts to raise it here, the court declines to review it. <u>See</u> <u>Moore v. United States</u>, 598 F.2d 439, 441 (5th Cir. 1979) ("The appellate process does not permit reruns."); <u>see also</u> <u>Davis v. United States</u>, 417 U.S. 333, 345 (1974).